IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

KENNETH GARDNER                                                                                  PETITIONER

2:19-cv-00098 JM/PSH

DEWAYNE HENDRIX, Warden,                                                              RESPONDENT
Warden, Forrest City Low

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

On August 1, 2019, Petitioner Kenneth Gardner ("Gardner") filed a petition pursuant to 28 U.S.C. § 2241 seeking habeas corpus relief.  He is an inmate at the Forrest City Low FCI, located in this district.  In his petition, Gardner indicates he was sentenced on March 21, 2019, in the United States District Court of North Carolina (Asheville Division).  Documents provided by respondent Dewayne Hendrix ("Hendrix") provide more detail about Gardner's conviction and sentence.  Gardner was charged with a drug offense in 2009.  He entered into a plea agreement and ultimately was sentenced in June 2010 to 120 months' imprisonment.  Docket entry nos. 6-1 & 6-2.  In 2018, after his release from prison, a warrant was issued alleging that Gardner had violated the terms of his supervised release.  Following a revocation hearing on March 21, 2019, Gardner was sentenced to 14 months' imprisonment, to be followed by 24 months' supervised

1

release.  Docket entry no. 6-3.  It is the 2019 sentence which Gardner targets.  In his petition, Gardner alleges he was entitled to but not provided with good time credits as allowed under the First Step Act, enacted in December 2018.

In his petition, Gardner was asked the question, "Did you appeal the decision, file a grievance, or seek an administrative remedy?"  Docket entry no. 1, page 2.  He responded "No," explaining his answer as follows: "The time credits in question are sufficient enough to lead to my immediate release from incarceration and are time sensitive to my sentence."  Docket entry no. 1, page 3.  For relief, Gardner requests the Court to compel the Bureau of Prisons ("BOP") to properly calculate the "correct gained time owed towards the (11) years and (2) months I was sentenced to in reference to this case."  Docket entry no. 1, page 8.

Hendrix contends this petition should be dismissed due to Gardner's admitted failure to exhaust administrative remedies.  The United States Court of Appeals for the Eighth Circuit has consistently held that before seeking federal habeas corpus relief under 28 U.S.C. § 2241, an inmate must exhaust his available administrative remedies.  That Court has identified four objectives that are promoted by the exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976).  There are benefits of prior administrative review, even assuming that the BOP denies an inmate's request. including a record of the reasons the BOP decided as it did.  Further, if an inmate is correct in his assertions, the BOP "must be given a chance to clean up its act before the courts are asked to intervene." *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

The Court is aware that exhaustion of administrative remedies is not required if it is an exercise in futility. Here, however, Gardner does not allege futility. Instead, he simply asserts there are time constraints which led him to seek federal habeas corpus relief rather than pursuing his administrative options. The Court finds that he has not established that it would be futile to seek redress from the BOP. The BOP should be given the opportunity to address Gardner's argument prior to the presentation of the claims in federal court.1

As a result, the Court recommends that the petition for writ of habeas corpus be dismissed without prejudice to allow Gardner to pursue his available administrative remedies.

IT IS SO ORDERED this 4th day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]Hendrix attached an affidavit from James D. Crook, the Supervisory Attorney at the United States Department of Justice, BOP, who states that his duties include accessing BOP records. His search reflected an August 5, 2019, update on Gardner's Good Conduct Time, resulting in a current projected release date of December 17, 2019. Docket entry no. 6-5. Having found Gardner failed to properly pursue his administrative avenues, we do not address the specifics of his miscalculation claim.